UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15CV-114-TBR

RASHAWN SPARKS                                                    PETITIONER

v.

KENTUCKY DEPARTMENT OF CORRECTIONS                               RESPONDENT

<u>MEMORANDUM AND ORDER</u>

Rashawn Sparks, an inmate at the Ballard County Detention Center, initiated this *pro se*

action by filing a document in which he challenges his state-court sentence for flagrant non-

support.

## I.

Section 2254 of Title 28 of the United States Code provides, in pertinent part, "a district

court shall entertain an application for a writ of habeas corpus in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Because Sparks

appears to be challenging the validity of his state court judgment, a petition for writ of habeas

corpus under § 2254 is the proper statute under which to bring such a challenge.  *See, e.g.*,

*Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001) (A habeas petition is "the

exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to

challenge anything affecting that custody[.]") (quoting *Walker v. O'Brien*, 216 F.3d 626, 637

(7th Cir. 2000)).

The Court, however, will not recharacterize Sparks's filing as a § 2254 petition for writ

of habeas corpus until it follows the procedure for recharacterization articulated by the United

States Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003).  In *Castro*, the Supreme

Court held that when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion,

> the district court must notify the *pro se* litigant that it intends to recharacterize the
> pleading, warn the litigant that this recharacterization means that any subsequent
> § 2255 motion will be subject to the restrictions on "second or successive"
> motions, and provide the litigant an opportunity to withdraw the motion or to
> amend it so that it contains all the § 2255 claims he believes he has.

*Id.* at 383.  While *Castro* pertains to the recharacterization of a motion as a first § 2255 motion,

the Sixth Circuit has applied this rule to § 2254 habeas petitions.  *See Martin v. Overton*, 391

F.3d 710, 713 (6th Cir. 2004) ("[T]he rule . . . requir[ing] notice before a petition is

recharacterized as a § 2255 petition [] appl[ies] to petitions recharacterized as § 2254 petitions.").

Consistent with the recharacterization procedure set forth above, the Court advises that

this Memorandum and Order serves as notification to Sparks that his filing will be

recharacterized as a § 2254 petition.  The Court warns him that conversion of his filing to a

petition under § 2254 subjects any subsequent § 2254 petition to the stringent restrictions on

"second or successive" petitions.  *See* 28 U.S.C. § 2244(b).[1]  The Court will thus provide Sparks

---

[1] Section 2244(b) provides, in part,

> (1) A claim presented in a second or successive habeas corpus application under section
> 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section
> 2254 that was not presented in a prior application shall be dismissed unless—
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made
> retroactive to cases on collateral review by the Supreme Court, that was previously
> unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously
> through the exercise of due diligence; and
> (ii) the facts underlying the claims, if proven and viewed in light of the evidence as a
> whole, would be sufficient to establish by clear and convincing evidence that, but for
> constitutional error, no reasonable factfinder would have found the applicant guilty of the
> underlying offense.
> (3)(A)  Before a second or successive application permitted by this section is filed in the
> district court, the applicant shall move in the appropriate court of appeals for an order
> authorizing the district court to consider the application. . . .

with an opportunity to withdraw the petition or to amend it so that it contains all the claims he believes he has.  The Court also notes that Sparks must exhaust all available state remedies or demonstrate their inadequacies before a federal court may grant habeas corpus relief.  28 U.S.C. § 2254(b); *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

**WHEREFORE, IT IS ORDERED** as follows:

(1)  Within **30 days** from entry of this Order, Sparks shall notify this Court whether he wishes to withdraw his petition or to amend it.

(2)  If Sparks wishes to amend his petition, he must, **within the 30-day time limit**, fill out a Court-supplied § 2254 form and return it to the Court.

(3)  Sparks's failure to respond to this Memorandum and Order will result in recharacterization of the initiating document as a § 2254 petition for writ of habeas corpus.

The **Clerk of Court is DIRECTED** to send Sparks a § 2254 form.

## II.

In addition, Sparks failed to pay the $5.00 filing fee.  Therefore, **IT IS ORDERED** that Sparks shall tender the **$5.00 filing fee or file an application** to proceed without prepayment of fees and affidavit form and a certified copy of his prison trust account statement for the six months immediately preceding the filing of this action within **30 days**.  The Clerk of Court is **DIRECTED** to send Sparks a blank application to proceed without prepayment of fees and affidavit form with the instant civil action number affixed.  Should Sparks wish to pay the filing fee, a check shall be made payable to **Clerk, U.S. District Court** and mailed to the following address:  Office of the Clerk, United States District Court, Western District of Kentucky, 601 West Broadway, Ste. 106, Louisville, KY  40202-2249.

**Sparks is WARNED that failure to tender the $5.00 filing fee or file an application to proceed without prepayment of fees within 30 days will result in dismissal of the action.**

Date:

cc:      Petitioner, *pro se*
4413.010